Good morning, Your Honors. May it please the Court. My name is Nicole Ibrahim. I'm an Assistant Federal Defender in Little Rock, and I am here on behalf of Cornelius Coleman. The issue before this Court this morning is whether the Arkansas Kidnapping Statute qualifies as a violent felony for purposes of enhancing Mr. Coleman under the Armed Career Criminal Act. I would submit to this Court that it does not meet the Force Clause requirement because restraint without consent, as defined by the State of Arkansas, includes an element that it may be committed by deception, which inherently means that there is no force required to violate this statute. So on its face, the statute should not qualify for the Armed Career Criminal Act, which in turn means that the Court does not need to resort to the modified categorical approach. The entire statute should not qualify, and Mr. Coleman's sentence should not have been enhanced on that basis. The brief, our brief... There was no objection. We're on plain error, right Counsel? That is correct. Proceed. And Your Honor, just to briefly address the plain error point, I would ask the Court to consider two cases from this circuit, Bowman, which the government cites in its brief, and Eason. The Bowman case, which is a 2017 8th Circuit case, there was not an objection in the district court to the crime qualifying for... There was an objection, but it was that this judgment has multiple offenses. One judgment should count as one conviction. The district court overruled that, and then this circuit addressed it and took up the issue, raised for the first time in appeal, whether the statute violated the Armed Career Criminal Act. And that is the circumstance that I would present before the Court. While there was not an objection made, that this Court still should address this. In Eason, the objection was simply that the residual clause is unconstitutionally vague, and the Arkansas Robbery Statute as to whether it violated the force clause, and found that it did not. In addition to that, I would ask the Court to consider that by analogy, the case law is pretty clear that the district court has its own obligation to find the guideline range, independent of parties' agreement. Stewart is an 8th Circuit case that holds that. The case law is replete with examples of that. It's a pretty firmly established principle. And of course, if a defendant is enhanced under the Armed Career Criminal Act, that inherently materially alters not only the statutory range, but also the guideline. So for that reason, the Court should consider this, and this would overcome the plain error approach. Additionally, one of the cases that we briefed is a 10th Circuit case, and the case itself is kind of unclear on exactly what the defendant's name is. In the opinion, it listed as Tittle. In the actual heading of the case, it listed as T-I-T-T-I-E-S. It's a 10th Circuit case, 852 F. 3rd 1264. And in that case, the 10th Circuit, that's a 2017 case addressing also the ACCA. And the Court held that any statute that is above the statutory maximum is per se plain error, and is reversible. And I would ask the Court to consider that here. Of course, Mr. Coleman would have been subject to no more than 10 years, because this is his third qualifying conviction. If the kidnapping did not count, then he would not have been enhanced under the Armed Career Criminal Act. So I would ask the Court to consider that, and decide this case on the merits. As it relates to the merits of the case, the deception argument, Mitchum and Kelly are both state cases that we cited in our brief, wherein essentially, in two separate circumstances, the defendant restrained a victim by deception by telling them, in one case, I'm going to take you to the movies, and then took the minor. Does Mitchum count because she was 13, the victim was 13? So is Mitchum not relevant at all? Well, Your Honor, I would argue it is relevant, because the Court discusses deception in that statute as well. Don't you think, under the way they define restraint without consent, it has to be, in a case where the person is under 14, it goes by the parent's consent, not by deception? Correct, Your Honor. So it would be de facto. So I don't think Mitchum counts in this discussion. Certainly, Your Honor. What's the best case for us? I'm sorry, I would ask the Court to consider Kelly, which is a case wherein the defendant told the victim that he was going to take her to her grandmother's house, and instead took her to the middle of nowhere. And that's how the Court defines it, wherever that might be in the state of Arkansas. And so it's clear that there is not a restraint, there's not a force requirement required. And deception is incredibly important, because we don't even have to get to the means versus elements analysis, because that is in the first part of how you actually violate this statute. So you're relying on just the subsection A, the very first line of the statute? Yes, Your Honor. And I would submit that this statute is not divisible, because the nefarious purposes that are listed are means, they're not elements of the statute. And why is that? What's your best argument, either in the jury instructions or Arkansas case law? Why are these means? Your Honor, I would ask the Court to consider, in light of Mathis, of course, it's very important that we look to how the state court handles this. There's three arguments that show clearly that the state routinely handles these as means. First of all, the jury instructions that are actually submitted to the jurors. Now the jury instruction itself, both parties have cited it in our brief, it's before the Court. It has bracketed language, and I think is not necessarily clear on its face that you wouldn't have to just include one element. But for example, in the Sasser case, the jury instruction submitted included two of the bracketed language in the jury instruction, meaning that there were two means with which the jury could find that this defendant violated the statute. So there's no requirement that we show one or the other. And there's nothing in the jury instructions for Arkansas that say, and you, jury, need to find unanimously one or the other, even if it's charged together? Correct, Your Honor. To my knowledge, that's correct. And additionally, the state rule of criminal procedure requires that state prosecutors only allege one offense per charge in an information. Do you know what section that is? Is it in your brief? Yes, Your Honor. Okay, if it's in your brief, proceed with your argument. It's criminal procedure 21.1. Thank you. And in that sense, we see routinely, and we've cited them in the brief, where prosecutors are charging information with two or three of these nefarious purposes alleged. You mean within a count, right? Within one count, yes, Your Honor. So that indicates that those are means. We're not requiring a jury finding on which one it is. And so we can't, I mean, kind of the tenet of the armed career criminal and the law in this area is that we need to be sure when we're enhancing someone's sentence that they actually committed something that violates the force clause, right? But isn't the argument that it's an element, that is, if somebody commits the conduct under sub A, and all they do is, well, it gets you down to the colon, they restrain someone by deception, let's say. You have to do more than that. Yes, Your Honor. You can't, you can't, that's not enough. Right, there are two, I'm sorry. So it seems to me that more becomes an element. Does it not? It does not, Your Honor. It is a means, and that's clear because of how the state handles it. Mathis tells us that we have to look at how the state actually approaches this crime. This court has addressed, the government relies on Rice and other cases that this court has addressed involving Arkansas statutes. For example, Rice's involving the Battery Statute, I believe it's Battery Second. The state treats that statute completely different in practice than it treats this statute. That's the distinction here. In Rice, you can see distinctly that every charging document alleges one specific portion. You're requiring a jury finding on one specific element of that statute, and we know that an element is what has to be proven to the jury. If we're submitting three or four and not requiring a jury to find one of them, then those are not elements, those are means, Your Honor. I'd ask to reserve my remaining time. You may. Take Judge Malloy's question. We'll give you a minute, probably. I'm trying to conceptualize this deception issue. Even if you initially take someone by deception, using the case you cited where you took them out the middle of nowhere, at some point they're going to say, I don't want to go to the middle of nowhere, Arkansas. At that point, does it become force? No, Your Honor. It does not inherently. That's the problem with this statute, is that these are means, so it is related to Mathis, and the court doesn't get to that analysis. It's essentially irrelevant as the law is concerned because these are means and not elements. Well, they're really not means and they're You didn't need this at 56 seconds, but the statute says it's a purpose. It's an intent. Is intent more a way or a mean? Where's an intent? Where's the purpose? Where does that fit in? These are means to meet the intent. That would be my argument. Okay. Thank you, counsel, for the argument. Ms. Mazzatti? It's Mazzanti, isn't it? Mazzanti, yes, Your Honor. Now to look at it more carefully. Go ahead. Good morning, and may it please the court. My name is Stephanie Mazzanti, and I represent the United States in this case. The district court in this case did not plainly err in finding that Mr. Coleman qualified as an armed career criminal, and this court should affirm that court's sentence for two reasons. First, the Arkansas kidnapping statute is divisible, and that's demonstrated by the statute, Arkansas case law, the jury instructions, and importantly, Mr. Coleman's own conviction, where he was only charged with one prong, A6. And secondly, when proving that Mr. Coleman kidnapped the victim with the intent to terrorize under that subsection A6, the state had to have presented evidence that the defendant either used or threatened to use force to sustain that conviction under Arkansas case law. Without that proof, the state would be unable to establish the intent to terrorize under existing Arkansas precedent, and as is demonstrated by the cases cited in our briefs. With respect to the divisibility issue, I would focus the court not necessarily on the restraint element, but on the intent required to terrorize in this case. I think one of the distinctions that we have is the restraint is defined just as the court in that issue. Restraint is defined separately, and so I think that we have a much harder argument to make that the restraint element in and of itself is divisible, and that's why we're relying on the prong A6, the prong of the statute on which the defendant was convicted. And we would assert that that is an element of the offense because, frankly, you couldn't cut off the jury instruction with the word purpose and then the defendant couldn't be convicted. Yeah, but can you add four or five of them? You could have multiple under the cases that are cited in the briefs. Sometimes the jury is instructed on more than one. Do they have to be unanimous on each of them? Your Honor, I cannot find any case law regarding the unanimity requirement that is specific to that. What I can say is that the jury is instructed that they are to be unanimous on all elements of the offense, and we insert that this is an element of the offense, and therefore, they must be unanimous. But the Arkansas jury instructions don't say what an element is, right? Well, the Arkansas jury instruction here lists element two, and underneath element two, you pick, you know, you select the applicable subsections. And so I think that if the court's concerned... No, I'm talking about what the jury saw. The jury doesn't see the jury instructions. The jury sees the form. If the jury's given two of these, you and I just said that they can give them two or three of these, right? Correct, Your Honor. Okay, that's your view. And do they have to be unanimous on each of them, or can they be unanimous and six jurors be for one of them and six jurors be for another one? It's our position that the jurors have to be unanimous on the specific purpose. Do you have any law for that, Arkansas law? There is no specific Arkansas case that is directly on point on that issue. I can say that, I mean, I work with state prosecutors and people at the Attorney General's Office, and that's their impression, but the jury has to be unanimous. I think that if the issue were raised before the Arkansas Supreme Court, that that would be, you know, something that they would have to address, but I haven't yet to see them address that issue specifically. Are they all charged in the same count? So the description that Judge Benton has given, there's three of them. That's one count, and then there's three options for how it was... Yes, Your Honor. Typically what we've seen in the cases are a single count with various subsections listed in the count. Of course, the prosecutor may choose to elect a particular charge at one point in time, and the jury, again, though, is instructed that they must be unanimous on the elements of the offense, and so we would assert that the specific purpose is an element of the offense. If it wasn't an element of the offense, it would be charged as, you know, the defendant committed the kidnapping with a nefarious purpose, generally. Just like in the cases where the court talks about how the deadly weapon is not divisible because the charging document just says, and you did this with a deadly weapon, and the deadly weapon is defined elsewhere. That's not how it's charged in these cases. It's charged with the specific prong listed in the charging instrument, and so there may be a case where we can't prove, meet our burden under Shepard or Taylor because there may be included in the charging document, and there may not be clear on the record what the jury was unanimous on, whether they were unanimous on one versus the other, but that doesn't mean that the statute is indivisible. It simply means that we can't meet our burden, just like we can't if for some reason the court loses the charging document, which has we can't get the plea transcript. Just because we can't prove it doesn't mean it's not an element. Just because we can't prove which prong the conviction occurred under doesn't mean that this is not a divisible statute, and I think that's the distinction here. But don't they have to be charged under a prong that would make it a violent felony? They do. And it seemed to me that, I think you could make a pretty good argument that one through six are probably, seven is going to be the problematic one. I would agree with you, Your Honor, which is why I've agreed that the modified categorical approach is applicable here. I didn't argue for a categorical approach here because I think that A7, I would be hard pressed, one, I can't find any case law where that was ever charged, and two, I think I would be hard pressed to argue that that necessarily requires the use of force. I mean, under the statute, if I read the statute correctly, if I call up my political opponent's been changed from seven to eight, and they show up at eight o'clock and miss the debate, that's kidnapping. And again, I've never seen that charged, and so I can't say whether that would be sustained under Arkansas law. But I think you do have to somehow hold the person, whether by deception or otherwise. Well, as a matter of law, and looking at the law of Arkansas, what's the best case to help us on the real issue here? Your Honor, well, with respect to the violent, whether it qualifies as a crime of violence, I think that both the Sullivan case, where there was a directed verdict, well, excuse me, the Lamb case and the Proctor case are the two best cases that we have. In Proctor, the 2002 case, the court found there's insufficient evidence on attempted kidnapping where there was no threats, where the defendant made no threats or threatening moves and did not attempt to use a knife as a weapon, because no threat means no crime. That's what the Arkansas Supreme Court says. And so whenever you look at the Lamb case, it's a similar situation where you have the court pointing out that it can hardly be disputed that a command to get in a van from an older unknown man moving towards a minor can reasonably be interpreted as a threat. These cases talk about threats. The reason they talk about threats is because that's what terrorizing someone is. It is threatening them. And the dictionary definitions support that. You have the Merriam-Webster dictionary, which talks about terrorizing as to fill with terror or anxiety and to coerce by threat or violence. You have Black's Law dictionary talking about terror as extreme fear and one or more violent acts that cause extreme fear. And so there's a link between the terrorism that's required of the victim in these cases and a threatened use of force at a minimum. Oftentimes there is an actual use of force, but in some cases there is a threatened use of force. And so I think that those are the best cases in terms of the violent felony, whether it qualifies as a violent felony. In terms of the divisibility issue, I think that the Singleton-Harris case supports our  You have to have a specific purpose found by the jury. Additionally, the Sullivan case, where the district court is striking one of the purposes that was alleged, that also supports the finding that this is divisible. In the Lamb case, this court in 2017 found that referencing one alternative term to the exclusion of all others shows that it's an element essentially. And in this court, and Judge Benton authored the opinion in Myers, in Myers the court had issue with whether or not Arkansas law was clear. And so if that's the issue, I would submit to you that you do exactly what you do in Myers. In Myers, if you think that the law is not crystal clear on the unanimity issue or otherwise, then you can look to the charging document in this case. The charging document in this case charged Mr. Coleman with one prong and one prong only, and it was A6. And so then you go and you look, does A6 qualify as a violent felony? And it does. I can find no case where kidnapping charged under this prong did not involve the threatened or actual use of force. And I think that you have to look at the Gonzalez v. Duane Nez Alvarez case, which has been recited many times, including in the Gaines case written by Judge Malloy, that you have to find, if you can think of no non-fanciful, non-theoretical manner in which to commit the crime without physical force, then it's a violent felony. I can think of no way to commit a violation of a kidnapping statute under prong A6, and there is none cited that does not involve at least a threatened use of force. I would submit that the case is relied upon by a defense counsel, the Wallace case, which was, it simply relies on the appellant's version of events, and so it's not controlling. But even there, if you're in close proximity in a car, I think that you're threatened with force, with somebody who has a gun and is threatening to shoot themselves. And the same goes for the other cases cited by defense counsel. If there are no further questions, I'll sit down. Thank you for your argument. Ms. Librian? Your Honor, a few points in closing. I would ask the court to look to the Arkansas Supreme Court's decision in Santifer, in which the court stated, this is a case where the jury instruction listed two purposes, and they were different than what the information, one of them was material altered from what the information charged. The Supreme Court said, neither nature nor degree of the crime was changed, only the method by which the crime was accomplished. And that indicates means, Your Honor. Additionally, I'd ask the court to consider the Baumgartner case, which also states an amendment of means, change in information, was proper because it did not change the nature of kidnapping, just the manner in which it was accomplished. Additionally, Waters, Jackson, and Hampton are cases wherein the information's charged multiple means of violating the kidnapping statute, and it was not required to have unanimous jury decision. Are the cases you just mentioned in your brief? Yes, Your Honor. They all are? Yes, Your Honor. Thank you very much. Thank you, Your Honor. Thank you both for the argument. Case 18-2400 is submitted for decision by this court.